Jennifer Yu Sacro, SBN: 208988
E-Mail: jsacro@sacrowalker.com
Ilya A. Kosten, SBN: 173663
E-Mail: ikosten@sacrowalker.com
Lisa M. Burnett, SBN: 324293
E-Mail: lburnett@sacrowalker.com
SACRO & WALKER LLP
700 North Brand Boulevard, Suite 610
Glendale, California 91203
Tel.: (818) 721-9597; Fax: (818) 721-9670

Attorneys for Defendant
RADNOR SPECIALTY INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE CALIFORNIA ENDOWMENT,<br><br>Plaintiff,<br><br>v.<br><br>RADNOR SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:25-cv-06891 ODW (MARx)<br>Hon. Otis D. Wright, II<br><br>**DEFENDANT RADNOR SPECIALTY INSURANCE COMPANY'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>*[Filed concurrently with: 1) Notice of Motion and Motion for Summary Judgment; 2) Evidence Packet; 3) Proposed Judgment]*<br><br>DATE:             December 29, 2025<br>TIME:              1:30 p.m.<br>COURTROOM:   10C<br>Complaint filed:    July 28, 2025<br>Pre-Trial Conference: February 22, 2027<br>Trial: March 9, 2027 |

- 1 -

DEFENDANT RADNOR SPECIALTY INSURANCE COMPANY'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

Pursuant to Federal Rule of Civil Procedure 56 and Central District of California Local Rule 56-1, Defendant Radnor Specialty Insurance Company ("Radnor") submits the following Statement of Uncontroverted Facts in support of its Motion for Summary Judgment.

### STATEMENT OF UNCONTROVERTED FACTS

| Uncontroverted Fact | Supporting Evidence[1] |
|---|---|
| 1. On or about August 10, 2023, Gina Durham sued The California Endowment ("TCE") in an action titled *Gina Durham v. The California Endowment, et al.*, Los Angeles County Superior Court Case No. 23STCV19120D (the "Durham Action"). | Declaration of James B. Shrimp ("Shrimp Decl."), ¶ 4, Exh. 2: Complaint in the Durham Action, p. 62.[2] |
| 2. The Durham Action complaint asserted causes of action for race/gender/age discrimination, retaliation, harassment, failure to take reasonable steps necessary to prevent discrimination, wrongful termination, and violation of Business & Professions Code. | Shrimp Decl., ¶ 4, Exh. 2: Complaint in the Durham Action, p. 70-91, ¶¶ 37-113. |

[1] All declarations and exhibits in support of Radnor's Motion for Summary Judgment are contained in the Evidence Packet concurrently filed herewith, which includes a Table of Contents.
[2] Citations to page numbers refer to the bate-stamped page numbers in the Evidence Packet.

- 2 -

DEFENDANT RADNOR SPECIALTY INSURANCE COMPANY'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

| Uncontroverted Fact | Supporting Evidence[1] |
|---|---|
| 3. The plaintiff in the Durhan Action sought special damages, loss of earnings, punitive damages, and attorney fees and costs. | Shrimp Decl., ¶ 4, Exh. 2: Complaint in the Durham Action, p. 91. |
| 4. Radnor Specialty Insurance Company policy no. DPS5000364C was issued to The California Endowment and was in effect from September 1, 2021, to September 1, 2022 (the "Policy"). | Shrimp Decl., ¶ 3, Exh. 1: Radnor Specialty Insurance Company policy no. DPS5000364C, p. 11. |
| 5. Because the Durham Action alleged claims potentially covered under the EPL coverage part of the policy issued by Radnor to TCE, Radnor immediately agreed to provide its insured a defense under a reservation of rights and continued to provide a defense through the conclusion of the Durham Action, subject to two reservation of rights letters. | Shrimp Decl., ¶ 5, Exh. 3: May 25, 2022, reservation of rights letter, p. 93, 97; Exh. 4: September 1, 2023, reservation of rights letter, p. 99, 103. |
| 6. Subject to a $25,000 per-claim retention, the Policy provided a $5,000,000 limit of liability for each claim and in the | Shrimp Decl., ¶ 3, Exh. 1: Radnor Specialty Insurance Company policy no. DPS5000364C, p. 13 (Executive Viewpoint Management |

- 3 -

DEFENDANT RADNOR SPECIALTY INSURANCE COMPANY'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Uncontroverted Fact | Supporting Evidence[1] |
|---|---|
| aggregate for Employment Practices Liability ("EPL") claims. | Liability Policy Declarations, EVP 150 (11-15)). |
| 7. Section V. DEFENSE AND SETTLEMENT of the Policy, applicable to the EPL coverage part, provided, in relevant part:<br><br>A. Defense<br><br>The **Insurer** shall have the right and duty to defend any **Claim** covered by this **Policy** even if the allegations are groundless, false or fraudulent. The **Insurer** shall have the right to appoint counsel of its choice with respect to such **Claim**. The **Insurer's** obligation to defend any **Claim** or pay any **Loss**, including **Defense Costs**, shall be completely fulfilled and extinguished if the applicable Limit of Liability has been exhausted by payment of **Loss**.<br><br>   \*   \*   \*<br><br>2. No **Insured** shall settle any **Claim**, incur any **Defense Costs**, or otherwise assume any contractual obligation or admit any liability with respect to any **Claim** without the **Insurer's** written consent, which shall not be unreasonably withheld. The **Insurer** shall not be liable for any settlement, **Defense Costs**, assumed obligation or admission to which it has not consented. | Shrimp Decl., ¶ 3, Exh. 1: Radnor Specialty Insurance Company policy no. DPS5000364C, p. 18-19 (Defense and Settlement, EVP 100 GTC (11-19)). |

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

- 4 -

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

| **Uncontroverted Fact** | **Supporting Evidence[1]** |
|---|---|
| 8. For purposes of the EPL coverage part, "**Defense Costs**" were defined as follows:<br><br>"C. **Defense Costs** means that part of **Loss** constituting reasonable and necessary costs, charges, fees (including attorneys' fees and experts' fees) and expenses incurred in investigating, defending, opposing or appealing any **Claim** and the premium for appeal, attachment or similar bonds; however, **Defense Costs** do not include any fees, costs or expenses incurred by any **Insured** without the **Insurer's** prior written consent, nor does **Defense Costs** include salaries, wages, fees, overhead or benefit expenses associated with any **Insured Person**." | Shrimp Decl., ¶ 3, Exh. 1: Radnor Specialty Insurance Company policy no. DPS5000364C, p. 26 (Definitions, EVP102 EPL (11-19)). |
| 9. In turn, "Loss" was defined in the Policy as follows:<br><br>I. **Loss** means the amount which an **Insured** becomes legally obligated to pay as a result of any **Claim**, including:<br><br>1. **Defense Costs**;<br><br>* * * | Shrimp Decl., ¶ 3, Exh. 1: Radnor Specialty Insurance Company policy no. DPS5000364C, p. 26 (Definitions, EVP102 EPL (11-19)). |
| 10. Thus, in at least two places, the Policy clearly and unambiguously provided that the Insurer, i.e. Radnor, would have no duty to pay any **Defense Costs** incurred by the Insured, i.e. The California | Shrimp Decl., ¶ 3, Exh. 1: Radnor Specialty Insurance Company policy no. DPS5000364C, p. 18-19 (Defense and Settlement, EVP 100 |

DEFENDANT RADNOR SPECIALTY INSURANCE COMPANY'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

| Uncontroverted Fact | Supporting Evidence[1] |
|---|---|
| Endowment, without the Insurer's <u>written</u> consent. | GTC (11-19); p. 26 (Definitions, EVP102 EPL (11-19)). |
| 11. Pursuant to its reservations of rights, Radnor provided TCE a prompt and full defense in the Durham Action, but subject to, and without waiver, of any of the policy provisions, including the no-voluntary-payments clause. | Shrimp Decl., ¶ 5, Exh. 3: May 25, 2022, reservation of rights letter, p. 97; Exh. 4: September 1, 2023, reservation of rights letter, p. 103. |
| 12. To provide a defense to TCE, Radnor retained attorneys from the Wesierski & Zurek law firm. | Shrimp Decl., ¶ 5; Exh. 4: September 1, 2023, reservation of rights letter, p. 97. |
| 13. After several months of ongoing negotiations, the Durham Action was settled in October 2024 for a confidential amount fully funded by Radnor. | Shrimp Decl., ¶ 6. |
| 14. On June 11, 2024, TCE's defense counsel informed Radnor that <u>The California Endowment had retained</u> Integreon to assist with document production in the Durham Action and provided a Statement of Work ("SOW") which noted that Phase I cost was estimated at $9,976. | Shrimp Decl., ¶¶ 7-8, Exh. 5, p. 105-109: June 11, 2024, letter from C. Counts to J. Shrimp and enclosed Statement of Work ("SOW") dated June 7, 2024; Shrimp Decl., ¶ 11, Exh. 8, p. 119-120: October 28, 2024, letter from K. Brown to L. Davis, Esq. |

- 6 -

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

| Uncontroverted Fact | Supporting Evidence[1] |
|---|---|
| | |
| 15. Not only did TCE hire Integreon without the consent of Radnor but also without the input of defense counsel Christian C. Counts of the Wesierski & Zurek law firm that Radnor had appointed to defend TCE. | Shrimp Decl., ¶¶ 7, 10, Exh. 7, p. 115: July 31, 2024, email from Christian C. Counts of Wesierski & Zurek to James Shrimp, Claims Examiner for Radnor. |
| 16. The SOW was entered into between TCE and Integreon as of June 7, 2024, without first seeking or obtaining Radnor's consent. | Shrimp Decl., ¶ 8, Exh. 5 p. 105-109: June 11, 2024, letter from C. Counts to J. Shrimp and enclosed SOW as of June 7, 2024. |
| 17. Radnor has its own e-discovery consultants and did not consent to TCE entering into the SOW with Integreon. | Shrimp Decl., ¶¶ 7-8, 10, Exh. 7, p. 115-116: July 31, 2024 @ 12:30 p.m. from J. Shrimp to J. Purcell and C. Counts, among others; Shrimp Decl.¶ 12. |
| 18. The June 7, 2024 SOW also states that it was entered into pursuant to a May 14, 2024, Services Agreement between TCE and Integreon. | Shrimp Decl., ¶ 8, Exh. 5, p. 105-109: June 11, 2024, letter from C. Counts to J. Shrimp and enclosed SOW as of June 7, 2024, p. 107. |
| 19. Radnor first discovered of TCE's retention of Integreon on June 11, 2024, | Shrimp Decl., ¶ 8, Exh. 5, p. 105-109: June 11, 2024, letter from C. |

DEFENDANT RADNOR SPECIALTY INSURANCE COMPANY'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

| Uncontroverted Fact | Supporting Evidence[1] |
|---|---|
| after TCE had already entered into the May 14, 2024 Services Agreement and into the June 7, 2024 SOW. | Counts to J. Shrimp and enclosed SOW as of June 7, 2024 |
| 20. Radnor did not consent to TCE entering into a Services Agreement with Integreon. | Shrimp Decl., ¶ 8. |
| 21. The June 7, 2024, SOW contains total "Estimated Fees" for "Phase 1" services in the amount of $9,976.00. | Shrimp Decl., ¶ 8, Exh. 5, p. 105-109: June 11, 2024, letter from C. Counts to J. Shrimp and enclosed SOW as of June 7, 2024, p. 107. |
| 22. The June 7, 2024, SOW also mentions "Phase 2" services but does not contain an estimate of total Phase 2 fees supposed to be charged for services related to Phase 2. | Shrimp Decl., ¶ 8, Exh. 5, p.105-109: June 11, 2024, letter from C. Counts to J. Shrimp and enclosed SOW as of June 7, 2024, p. 107-108. |
| 23. On July 12, 2024, defense counsel Christian C. Counts sent a letter to James Shrimp, Claims Examiner for Radnor, enclosing an Integreon invoice no. 111137369 in the amount of $7,946,65 dated July 8, 2024, addressed to TCE. | Shrimp Decl., ¶ 9, Exh. 6, p. 111-113: Letter dated July 12, 2024, from C. Counts to J. Shrimp and enclosed Integreon invoice no. 111137369 in the amount of $7,946.65. |

DEFENDANT RADNOR SPECIALTY INSURANCE COMPANY'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Uncontroverted Fact | Supporting Evidence[1] |
| --- | --- |
| 24. In his July 12, 2024, letter, Mr. Counts stated to Mr. Shrimp that "[t]he client [TCE] has asked that USLI contribute toward *this cost* since it is necessary and has been incurred in the defense of Plaintiff's [i.e. Durham's] legal action" and expressed his belief that the assistance given by Integreon was reasonable and necessary. | Shrimp Decl., ¶ 9, Exh. 6, p. 111: Letter dated July 12, 2024 from C. Counts to J. Shrimp. |
| 25. Based on the July 12, 2024, letter and on the previous $9.976 estimate for Phase 1 services, Radnor paid the $7,946.95 invoice from Integreon in full on behalf of TCE, as a special accommodation to TCE and its defense counsel. | Shrimp Decl., ¶ 12; *see also* Shrimp Decl., ¶ 11, Exh. 8, p. 119-120: October 28, 2024, letter from K. Brown to L. Davis, Esq. |
| 26. The Counts letter of July 12, 2024, did not whatsoever mention that Integreon was planning to conduct any further work or that TCE was seeking consent from Radnor or expecting Radnor to pay for such work. | Shrimp Decl., ¶ 9, Exh. 6, p. 111-113: Letter dated July 12, 2024, from C. Counts to J. Shrimp. |

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

- 9 -

DEFENDANT RADNOR SPECIALTY INSURANCE COMPANY'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

| Uncontroverted Fact | Supporting Evidence[1] |
|---|---|
| 27. TCE did not ask for Radnor's consent, nor did Radnor provide consent, to any additional work by Integreon. | Shrimp Decl., ¶ 12. |
| 28. Radnor never provided written consent to the retention of Integreon or to any of the work performed by Integreon. | Shrimp Decl., ¶ 12. |
| 29. Without notifying Radnor that any additional work was being performed by Integreon or that such additional work was reasonable and necessary for the defense of the Durham Action, Integreon invoiced TCE in August 2024 an additional whopping total of $412,618.94 for Phase 2 related work. | Shrimp Decl., ¶ 12; Shrimp Decl., ¶ 11, Exh. 8, p. 119-120: October 28, 2024, letter from K. Brown to L. Davis, Esq.; Shrimp Decl., ¶ 11, Exhs. 9, p. 122 and Exh. 10, p. 124: Integreon's August 16, 2024, invoices nos. 111137717 in the amount of $409,399.94 and 111137718 in the amount of $3,219.00 (totaling $412,618.94) |
| 30. Neither TCE nor its defense counsel ever sought or obtained prior written consent from Radnor to incur these additional costs in the amount of $412,618.94. | Shrimp Decl., ¶ 12. |
| 31. Radnor never received any estimates of total fees regarding the Phase 2 work. | Shrimp Decl., ¶¶ 11-12, Exh. 8, p. 119-120: October 28, 2024, letter from K. Brown to L. Davis, Esq; |

- 10 -

DEFENDANT RADNOR SPECIALTY INSURANCE COMPANY'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

| Uncontroverted Fact | Supporting Evidence[1] |
|---|---|
| | Shrimp Decl., ¶8, Exh. 5, p. 105-109: June 11, 2024, letter from C. Counts to J. Shrimp and enclosed SOW as of June 7, 2024, p. 107-108 which does not contain estimate of total fees for Phase 2 |
| 32. Plaintiff The California Endowment filed the instant action on July 28, 2025, asserting causes of action for breach of contract and breach of the covenant of good faith and fair dealing against Radnor. | Plaintiff's Complaint dated July 28, 2025 (Dkt. 1). |
| 33. Plaintiff's causes of action against Radnor are premised solely on Radnor's refusal to pay for the $412,618.94 in services rendered by Integreon, which are the subject of the instant motion. | Plaintiff's Complaint dated July 28, 2025 (Dkt. 1), ¶¶ 52-64. |

///

///

- 11 -

DEFENDANT RADNOR SPECIALTY INSURANCE COMPANY'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

DATED: November 21, 2025  SACRO & WALKER LLP

By */s/ Ilya A. Kosten*
   JENNIFER YU SACRO
   ILYA A. KOSTEN
   LISA M. BURNETT
   Attorneys for Defendant RADNOR
   SPECIALTY INSURANCE
   COMPANY

SACRO & WALKER LLP
700 N. Brand Boulevard, Suite 610
Glendale, California 91203

- 12 -

DEFENDANT RADNOR SPECIALTY INSURANCE COMPANY'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT